UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BETRAM EASLEY, *et al.*,    )
                            )
        Plaintiffs, )    2:11-cv-00357-ECR-CWH
                            )
vs.                         )    **ORDER**
                            )
LENNAR CORP., *et al.*,     )
                            )
        Defendants.  )
_____)

This matter is before the Court on Plaintiffs' Second Motion to Extend Time (#43), filed January 6, 2012, Plaintiffs' Motion to Compel Production of All Electronically Stored Information and to Disclose Preservation Efforts (or Lack Thereof) (#49), filed January 11, 2012, Plaintiffs' Motion to Compel Managerial Attendance Records (#51), filed January 12, 2012, and Plaintiffs' Motion to Compel Comparator or Other Information to Allow Plaintiffs to Calculate Back Pay Damages (#52), filed January 13, 2012.  The Court conducted a hearing on these motions on February 8, 2012.

**BACKGROUND**

Plaintiffs Bertram Easley and Troy Minter initiated the instant action on November 19, 2010 against U.S. Home Corporation, doing business as Lennar, Lennar Corporation, Lennar Sales Corp. and Greystone Nevada, LLC.  Plaintiffs worked at Lennar as New Home Consultants for the Walnut Grove Development.  Plaintiffs, both African-American males, allege that they were terminated based upon race.

On July 14, 2011 Plaintiffs Easley and Minter propounded separate Requests to Produce, each requesting documents and information regarding the earnings of employees who sold homes at Walnut Grove after Plaintiffs were fired.  On August 17, 2011 Defendants objected to producing such documents.

On September 28, 2011 Plaintiff Easley propounded his Second Set of Requests to Produce requesting all managerial time records during the time period prior to his termination. Defendants responded on November 1, 2011 with time off request forms, but objected to producing time records. The next week Plaintiffs complained of this deficiency through a written letter.

On September 30, 2011 Plaintiffs' counsel emailed defense counsel stating that Defendants should have produced electronic information related to Plaintiffs' firings.  On October 18, 2011 Plaintiff Minter propounded his Second Set of Requests to Produce to Defendant U.S. Home Corporation requesting all text messages and emails related to the events leading to his termination and documents reflecting what litigation hold efforts were taken.  The same day Plaintiff Easley propounded his Third Set of Requests to Produce to Defendant U.S. Home Corporation with identical requests.  Defendants objected to these requests on November 17, 2011.

Plaintiffs' counsel and defense counsel exchanged several letters during December 2011, where Plaintiffs' counsel reiterated contentions about Defendants' discovery deficiencies.  On December 29, 2011 defense counsel informed Plaintiffs' counsel that he was no longer with the firm representing Defendants and that Plaintiff's counsel could now communicate with two other counsel in the firm.  On January 6, 2012 Plaintiffs filed a motion to extend discovery citing the delays of a change of counsel and discovery deficiencies as well as personal issues that delayed the taking of depositions.  Plaintiffs' counsel received a letter from replacement counsel that indicated a willingness to search for any non-privileged responsive documents and produce them by January 18, 2012.  Between January 10-12, Plaintiffs filed three motions to compel the production of these documents.

## DISCUSSION

**A.    Plaintiffs' Motion to Compel Production of All Electronically Stored Information and to Disclose Preservation Efforts (or Lack Thereof)**

Plaintiffs first move to compel the production of electronic information, including text messages, emails, and information related to a litigation hold.

- 2 -

During discovery, Plaintiffs Easley and Minter served Lennar with Requests to Produce.[1] The pertinent requests and Defendants' responses are as follows:

**Request to Produce No. 41/46:** Please produce, in hard copy and in electronic format, all text messages and emails (or any other electronic documents) concerning any events giving rise to or underlying any disciplinary actions (or counselings) for Troy Minter/Betram Easley. This request is meant to be asking for these items to be produced both from the sender's device or computer, and from the recipient's device or computer.

**Objections:**
Defendant objects to Request No. 41/46 to the extent that it calls for more information or otherwise requires production in a manner other than what is required by Fed R. Civ. P. 26(b) and 34 and the Local Rules of the United States Court for the District of Nevada. Defendant further objects to the Request pursuant to Fed. R. Civ. P. 26(b)(2)(B) to the extent that the information requested is not reasonably accessible because of undue burden or cost.

**Response:**
Subject to, but without waiving its objection, and subject to footnote 1 contained on page 1 of these Objections and Responses, Defendant states that it will produce copies of relevant emails responsive to this Request that are in its possession, custody, and control.

**Request to Produce No. 42/47:** Please produce all documents which show what litigation hold efforts were undertaken, and when those actions were taken, to preserve text messages, emails, and all other electronically stored information about or related to Troy Minter/Betram Easley. If none, please so state.

**Objections:**
Defendant objections to Request No. 42/47 to the extent that it is vague in its use of the term "litigation hold efforts," for which Plaintiff provides no definition. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client and/or work product privilege. Defendant also objects to this Request to the extent that it seeks information that is neither relevant to the claims and defenses of Plaintiffs or Defendants, nor reasonably calculated to lead to the discovery of admissible evidence, and therefore is outside the scope of discovery permitted by Rule 26(b), Federal Rules of Civil Procedure.

**Response**:
Subject to, but without waiving its objections, and subject to footnote 1 contained on page 1 of these Objections and Responses, Defendant states that it has no relevant documents responsive to this request other than those that are eing withheld pursuant to the attorney-client privilege, for which a privilege log will be provided as required by Fed. R. Civ. Pro. 26(b)(5).

**Request to Produce No. 43/48:** Unless produced in your response to RTP No. 42/47,

---

[1] Plaintiff Minter and Plaintiff Easley submitted separate Requests to Produce, but the requests contain identical language with the exception of including the name of the individual to whom the information pertains. Defendants' responses to the corresponding requests are identical with the exception of reference to the request number.

>  please produce all documents which show any actions undertaken to preserve evidence for this matter, when and by whom those actions were taken.
>
>  **Objections:**
>  Defendant objections to Request No. 43/48 to the extent that it is vague in its use of the term "litigation hold efforts," for which Plaintiff provides no definition. Defendant further objects to this Request to the extent that it seeks information protected by the attorney-client and/or work product privilege. Defendant also objects to this Request to the extent that it seeks information that is neither relevant to the claims and defenses of Plaintiffs or Defendants, nor reasonably calculated to lead to the discovery of admissible evidence, and therefore is outside the scope of discovery permitted by Rule 26(b), Federal Rules of Civil Procedure.
>
>  **Response**:
>  Subject to, but without waiving its objections, and subject to footnote 1 contained on page 1 of these Objections and Responses, Defendant refers Plaintiff to Defendant's response to Plaintiff's Request to produce No. 42/47.

*See Exh. 3 to Plaintiff's Motion to Compel* (#49-1), at 19-20; *see also Exh. 4 to Plaintiff's Motion to Compel* (#49-1), at 26-27.

As a preliminary matter, "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without court action. *See Local Rule* 26-7(b). This rule is satisfied by counsel personally engaging "in two-way communication . . . to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D.Nev. 1996). In doing so, the parties must confer or attempt to confer in person or via telephone conference to discuss the individual discovery disputes and attempt to come to a resolution before resorting to judicial intervention. *Id.* Plaintiffs' counsel failed to personally contact Defendant, but rather elected to send various written letters to opposing counsel in an effort to resolve the dispute. *See Plaintiff's Motion to Compel* (#49) at 2-3. The Court finds that Plaintiffs' communication as set forth in the certification did not satisfy the meet and confer requirement of Fed. R. Civ. P. 26(c)(1) and LR 26-7.

Assuming that Plaintiffs' motion did not fail procedurally, the Court finds the motion without merit. Plaintiffs suggest that Defendants have control over the telephone data of corporate managers, but refuse to produce text messages or the name of the mobile carrier. Defendants assert that there are no text messages in the possession of the corporations. Plaintiffs

- 4 -

have produced nothing more than allegations to prove otherwise.[2]  Additionally, Defendants represent that they have produced all emails responsive to Plaintiffs' requests.  Plaintiffs have made no showing that other emails exist.  Regarding documents that explain litigation holds, Defendants provided Plaintiffs with a privilege log on February 6, 2012.  It does not appear to the Court that the Defendants have provided incomplete productions.  For these reasons, Plaintiffs' motion is denied.

### B. Plaintiffs' Motion to Compel Managerial Attendance Records

Plaintiffs further move to compel the production of documents showing the presence of managerial employees during the events surrounding Mr. Easley's firing. Mr. Easley's request and Defendants' objections and response are as follows:

> **Request to Produce No. 43:** Please produce, for inspection and copying, for the year 2007, all calendars, schedules, leave documents, attendance records, or any other documents showing when the following persons were present at their job:
>
> a. Mr. Thomas Bruttomesso, and especially showing the dates he was on vacation in July, 2007, as he testified to on September 27, 2011;
> b. Mr. Thom Isbell;
> c. Ms. Michaell Loker;
> d. Ms. Lisa Eckhardt;
> e. Roger Seaholm;
> f. Mr. Jeremy Parness.
>
> **Objections:**
> Defendant objects to Request No. 43 to the extent that it is vague in its use of the term "present at their job," for which Plaintiff provides no definition.  Defendant further objects to this Request to the extent that it is grossly overbroad in that it seeks all documents, without limitation, showing when six management level employees, for whom time records were not kept nor required to be kept, were "present at their job," particularly where only one of the named individuals, Lisa Eckhardt, regularly spent more than half of her time working at a single location.  Defendants also object to the Request to the extent that it seeks confidential personal and personnel information regarding individuals who are not parties to this lawsuit.  Defendant further objects to this Request to the extent that it seeks information that is neither relevant to the claims and defenses of Plaintiffs or Defendants, nor reasonably calculated to lead the discovery of admissible evidence, and therefore is outside the scope of discovery permitted by Rules 26(b), Federal Rules of Civil Procedure.
>
> **Response:**
> Subject to, but without waiving its objections, and subject to footnote 1 contained on page 1 of these Objections and Responses, Defendant states that it will produce a copy of the 2007 time off request forms for Thomas Bruttomesso, Thom Isbell,

---

[2] Further, during the pendency of this motion, Plaintiffs filed a Notice of Service of Subpoena on T-Mobile USA, Inc.  (#81).

1   Michelle Lokar, Lisa Eckhardt, Roger Seaholm, and Jeremy Parness.

2   *See Exh. 2 to Plaintiff's Motion to Compel* (#51-1), at 13-14.

3   Again, Plaintiffs' counsel's failure to initiate a personal consultation to resolve this dispute does not comply with Fed. R. Civ. P. 26(c)(1) and LR 26-7(b). Regardless, the Court finds that Mr. Easley's request is vague as to the term "present on the job." The documents requested from Defendants relate to managerial level employees. These individuals do not have set office hours and often travel for their work. The request does not specify whether "present on the job" means physical presence in a particular office, or simply on-duty in another location. As such, Defendants indicate that they have no records which show when these managers were present on the job. The Court is satisfied that Defendants have no records to produce in response to this request. Defendants nonetheless made a reasonable attempt to respond to the request by producing vacation leave requests. Therefore, the Court finds the motion to compel the records is without merit.

### C. Plaintiffs' Motion to Compel Comparator or Other Information to Allow Plaintiffs to Calculate Back Pay Damages

Plaintiffs next move to compel further documentation showing sales commissions for individuals who replaced Plaintiffs in order to aid in the calculation of back pay damages. Plaintiffs' request and interrogatory and Defendants' objections and responses are as follows:

**Request to Produce No. 10:** Please produce a copy of all documents showing who replaced Mr. Easley (or Mr. Minter, as they both were assigned as New Home Consultants to the two person sales office at Walnut Grove), who made the decision about Mr. Easley, the qualifications and experience of his replacement and what the person or those persons earned as a result of being assigned to Walnut Grove.

**Objections:**
Defendant objects to Request No. 10 to the extent that it seeks confidential personal and personnel information regarding individuals who are not parties to this lawsuit. Such information will only be produced if limited and required by the Court, and then only after the execution of a mutually agreeable confidentiality protective order designed to protect this information. Defendant further objects to this Request to the extent that it is vague in its use of the term "replaced," for which Plaintiff provides no definition. Defendant also objected to this Request to the extent that it assumes facts not entered into evidence, i.e. that Plaintiffs were "replaced."

**Interrogatory No. 12:**
Please identify who replaced Mr. Easley and Mr. Minter as New Home Consultants at the Walnut Grove development, who selected and/or assigned them to be the replacement New Home Consultants at Walnut Grove, and what each and every one

- 6 -

of those persons earned as a result of that assignment. In other words, what would Mr. Easley have earned had his employment not been terminated and had he remained assigned to the Walnut Grove development until its completion (and please specify when that was).

**Objections:**
Defendant objects to Request No. 10 to the extent that it seeks confidential personal and personnel information regarding individuals who are not parties to this lawsuit. Such information will only be produced if limited and required by the Court, and then only after the execution of a mutually agreeable confidentiality protective order designed to protect this information. Defendant further objects to this Request to the extent that it is vague in its use of the term "replaced," for which Plaintiff provides no definition. Defendant also objected to this Request to the extent that it assumes facts not entered into evidence, i.e. that Plaintiffs were "replaced."

**Requests to Produce Nos.48 and 49**: For the years 2006, 2007, 2008, please produce al documents showing all other persons occupying, being transferred to or out of the "floater" position, the duration of their being assigned to the floater position and whether it was the result of a demotion (even if only an informal one with no adjustment of compensation. During his 9/27/11 deposition, Mr. Bruttomesso conceded it was a demotion for Mr. Minter: "I would have to say yes." Pg. 175, line 1,) an initial position for training, a transfer or by choice for any other reason. Please produce all documents showing the earnings of persons occupying a floater position while in that position.[3]

*See Exh. 6 to Plaintiff's Motion to Compel* (#52-2), at 8; *see also Exh. 5 to Plaintiff's Motion to Compel* (#52-2), at 4; *see also Exh. 4 to Plaintiff's Motion to Compel* (#52-2), at 18.

Regarding movant's duty to initiate a personal consultation, Plaintiffs' counsel did speak on the telephone with defense counsel prior to the filing on this motion, but apparently did not discuss the specific request that this motion sets forth.[4] Rather, Plaintiffs' counsel since written letters to opposing counsel discussing the perceived deficiencies in production. Because movant failed to comply with the meet and confer requirement of Fed. R. Civ. P. 26(c)(1) and LR 26-7(b), the request to compel will be denied.

Defendants' objection represented the information could be produced once a protective order was in place. Since the objections, the Court approved a stipulated protective order (#25). Defendants further objected on the grounds of vagueness. The Court agrees that the term

---

[3] Plaintiff's counsel represents that Defendants did not provide a timely response to these requests. Defendants subsequently produced the compensation agreements of floaters two days prior to the hearing on these motions.

[4] Plaintiff's counsel states that she spoke with Ms. Youchah "generally of Plaintiffs' contention that Defendants were guilty of discovery deficiencies especially in relation to my plea . . . for an agreement to extend discovery." *See Plaintiff's Motion to Compel*, (#52), at 4.

"replaced" is vague since employees technically did not replace Plaintiffs (such as new hires), but current employees were transferred to Walnut Grove development in order to cover Plaintiffs' workload. The Court sustains Defendants' objection on this ground.

Moreover, it appears that Defendants provided names of individuals who subsequently worked at the development as well as their compensation details. While Defendants maintain that no one new was hired, two of Lennar's five floaters were assigned to Walnut Grove after Plaintiffs' terminations. Defendants produced the compensation agreements for these floaters. At the hearing on this matter, Defendants also agreed to provide records of sales for the Walnut Grove project, which will further allow Plaintiffs to determine damages. On February 14, 2012 Defendants disclosed a two-page list of sixty-seven Walnut Grove homes which were unsold at the time Plaintiffs were terminated with their subsequent sale dates and price. The Court finds that Defendants have adequately responded to the interrogatory and requests. Thus, the motion to compel is without merit.

### D. Plaintiffs' Motion to Extend Time

"Applications to extend any date set forth by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension." *See Local Rule* 26-4. Plaintiffs' request to extend discovery deadlines directly relates to the allegations set forth in the motions to compel; specifically, that Defendants' responses to discovery have been insufficient. Plaintiffs argue that an extension is warranted due to Defendants' tardiness in producing documents in this matter as well as Plaintiffs' counsel's unavailability due to personal family issues.[5] Plaintiffs request a 60 day extension so that they have the opportunity to secure additional disclosures and conduct further discovery in light of Defendants' productions. However, the Court finds that Defendants' productions are sufficient.

The parties filed a stipulation, which the Court approved on March 2, 2012, jointly requesting that the deadline to file dispositive motions be changed to 30 days following the

---

[5] Since the hearing on this matter, Plaintiffs have submitted various supplements to their Motion to Extend detailing "sluggish" production by Defendants.

1  Court's order on Plaintiff's Fourth Motion to Extend Discovery Period.  Accordingly,

2  **IT IS HEREBY ORDERED** that Plaintiffs' Second Motion to Extend Time (#43) is

3  **DENIED**.  Per this Court's previous order (#79), the deadline for filing dispositive motions shall

4  be **Thursday, July 21, 2012.**

5  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Production of All

6  Electronically Stored Information and to Disclose Preservation Efforts (or Lack Thereof) (#49) is

7  **DENIED**.

8  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Managerial Attendance

9  Records (#51) is **DENIED**.

10  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Comparator or Other

11  Information to Allow Plaintiffs to Calculate Back Pay Damages (#52) is **DENIED**.

12  DATED this 15th day of June, 2012.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge