UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BETRAM EASLEY, *et al.*,                     )
                                             )
                    Plaintiffs,              )        2:11-cv-00357-ECR-CWH
                                             )
vs.                                          )        **ORDER**
                                             )
U.S. HOME CORP. D/B/A LENNAR.,               )
*et al.*,                                    )
                                             )
                    Defendants.              )
_____     )

This matter is before the Court on Defendant Lennar Sales Corporation's ("Lennar")

Motion for Attorneys' Fees (#40), filed December 15, 2011.  The Court also considered Plaintiff

Troy Minter's ("Minter") Response (#50), filed January 11, 2012, and Defendant's Reply (#60),

filed January 23, 2012.

**BACKGROUND**

Plaintiffs Bertram Easley and Troy Minter initiated the instant action on November 19,

2010 against U.S. Home Corporation, doing business as Lennar, Lennar Corporation, Lennar

Sales Corp. and Greystone Nevada, LLC.  Plaintiffs worked at Lennar as New Home Consultants

for the Walnut Grove Development.  Plaintiffs, both African-American males, allege that they

were terminated based upon race.  On October 6, 2011, Defendant filed a Motion to Compel

seeking Plaintiff Minter's federal income tax returns from 2007 to the present (#30).  At a

December 1, 2011 hearing, the Court granted the Motion to Compel and ordered Plaintiff Minter

to produce the requested records within ten days subject to the Stipulated Protective Order (#24).

The Court also ordered Defendant to submit an Application for Costs and Fees associated with

making the Motion to Compel within fourteen days (#39).  Per the Court's order, Defendant filed

an Application on December 15, 2011 in which Defense Counsel, Kevin D. Smith ("Mr. Smith"),

requests $4,080 in fees based on an hourly rate of $340 and twelve hours of work (#40).  Plaintiff

1   Minter asserts that an award of fees is unwarranted because the failure to respond was

2   substantially justified and an award of fees would be unjust.

3                                    **DISCUSSION**

4        **1. Sanctions Pursuant to Rule 37**

5        Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an

6   opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or

7   attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in

8   making the motion, including attorney's fees."  An award of expenses is not appropriate if: (1)

9   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery

10  without court action, (2) the opposing party's non-disclosure, response, or objection was

11  substantially justified, or (3) other circumstances make an award of expenses unjust.  Fed. R.

12  Civ. P. 37(a)(5)(A)(i-iii).  The burden is on the losing party to affirmatively demonstrate that its

13  discovery conduct was substantially justified.  *See* Adv. Comm. Notes to 1970 Amendment to

14  former Fed. R. Civ. P. 37(a)(4).  Discovery conduct is "substantially justified if it is a response to

15  a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested

16  action.'"  *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993)

17  (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

18       Plaintiff Minter concedes that two emails were submitted requesting production of the tax

19  returns, but argues that an additional request should have been made after the protective order

20  was entered.  The Court is not convinced that an additional request was necessary and finds that

21  Defendant made a good faith attempt to obtain the tax returns before filing the motion to compel.

22  Similarly, Plaintiff Minter argues that the non-disclosure was substantially justified due to his

23  privacy concerns regarding the highly personal information contained in the tax returns.

24  Additionally, Plaintiff Minter asserts that the production of the W-2 and 1099-G documents

25  containing information about his replacement information was sufficient to comply with the

26  request.  Defendant contends that production of the full tax returns was necessary given the

27  employment-related damages sought and particularly after Plaintiff Minter's deposition

28  testimony regarding his employment history.  The Court does not find the articulated privacy

1  rationale to constitute a substantial justification, especially given the protective order and

2  Plaintiff Minter's knowledge of the outstanding request for tax returns.

3       Likewise, Plaintiff Minter contends that an award of attorney's fees would be unjust

4  because the non-disclosure was based on privacy concerns and Defense counsel did not make

5  repeated requests to obtain the tax returns.  Defendant argues that the award of fees is not unjust

6  because Plaintiff Minter is represented by counsel who would not have properly responded to

7  their request for production without court intervention.  The Court finds that Defendant's motion

8  to compel was necessary to prompt Plaintiff Minter to respond to the request for tax returns.

9  Accordingly, Plaintiff Minter has not met his burden to demonstrate his conduct was

10 substantially justified or an award of fees would be unjust and the Court finds Defendant entitled

11 to attorney's fees pursuant to Rule 37(a)(5)(A).

12      **2. Reasonableness of the Fee Request**

13      The Ninth Circuit affords trial courts broad discretion in determining the reasonableness

14 of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a

15 two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court

16 must calculate the lodestar amount "by taking the number of hours reasonably expended on the

17 litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the

18 lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial

19 calculation."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

20 Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to

21 acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the

22 amount involved and results obtained, (4) the undesirability of the case,[1] (5) the nature and length

23 of the professional relationship with the client, and (6) awards in similar cases.  *Id.* at n. 2 (*citing*

24 *Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d

25 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976).  In most cases, the lodestar figure is

26

27      [1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d
28 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

1  a presumptively reasonable fee award.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973,

2  978 (9th Cir. 2008).

3         The Supreme Court has held that reasonable attorney fees must "be calculated according

4  to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96

5  n.11 (1984).  The relevant community consists of the forum in which the case is pending.

6  *Camacho,* 523 F.3d at 978.  The court may consider rates outside the forum if local counsel was

7  unavailable because they lacked the degree of experience, expertise, or specialization required to

8  properly handle the case.  *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

9  Additionally, the court must consider the market rate in effect within two years of the work

10  performed.  *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).  Determining the

11  appropriate market rate is inherently difficult for a number of reasons.  Traditional supply and

12  demand principles do not ordinarily apply to prevailing market rates for lawyers.  *Id.*  The hourly

13  rate of lawyers in private practice varies widely.  *Id.*  The type of services provided by lawyers, as

14  well as their experience, skill, and reputation, varies extensively.  *Id.*  Finally, the fee is usually

15  discussed with the client and may be negotiated.  *Id.*

16         Consequently, the fee applicant has the burden of producing satisfactory evidence that

17  "the requested rates are in line with those prevailing in the community for similar services by

18  lawyers of reasonably comparable skill, experience, and reputation."  *Id.*  Such evidence may

19  include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding

20  prevailing fees in the community, and rate determinations in other cases.  *Camacho*, 523 F.3d at

21  980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.

22  1990)).  Where documentation of hours is inadequate, the district court may reduce the award

23  accordingly.  *Hensley*, 461 U.S. at 433.  The court may exclude hours related to overstaffing,

24  duplication, excessiveness, and otherwise unnecessary to the issue.  *Id.*

25         Plaintiff Minter objects to the hourly fee as excessive in this jurisdiction, but does not

26  provide any evidence of a more appropriate rate.  Defendant argues that counsel's hourly rate is

27  well within the District of Nevada's market rate for the past two years.  Defense Counsel, Mr.

28  Smith, cites to his ten years of experience as a labor and employment law attorney and the rate

- 4 -

1    determinations of similar attorneys in two recent cases in this District including: *Incorp.*

2    *Services, Inc. v. Nevada Corporate Services*, No. 2:09-cv-01300-RCJ-CWH (#60) and *Ruiz v.*

3    *All-American & Assocs.*, No. 2:10-cv-01312-GMN-GWF (#66).  In *Ruiz*, the Court found that

4    plaintiffs offered sufficient evidence to find the hourly rate of $210 was reasonable.  No. 2:10-cv-

5    01312-GMN-GWF (#66).  Mr. Smith's hourly rate of $340 is significantly higher than $210.  On

6    the other hand, in *Incorp*, the Court drew on its own experience in considering the prevailing

7    market rate to find an hourly rate of $400 reasonable for an attorney with eleven years of

8    experience and $350 reasonable for an attorney with eight years of experience.  No. 2:09-cv-

9    01300-RCJ-CWH (#60).  Accordingly, the Court finds Mr. Smith's hourly rate of $340 to be

10   reasonable in the Las Vegas legal market given his ten years of specialized experience in labor

11   and employment law.

12          Plaintiff Minter also objects to the hour descriptions provided by Defendant because they

13   are not itemized further into tasks, such as legal research and review of documents.  The hours

14   are itemized as: 6.5 hours for preparation of the motion to compel, 0.5 hours for review of

15   plaintiff's opposition, 3.5 hours for preparation of the reply, and 1.5 hours for preparation and

16   attendance of the December 1, 2011 hearing on the motion to compel.  Defendant alleges that the

17   hours are itemized sufficiently to put Plaintiff on notice of the work he performed.  Unlike in

18   *Ruiz*, Plaintiff Minter submitted an opposition to Defendant's motion for fees and therefore does

19   not consent to the hours alleged.  No. 2:10-cv-01312-GMN-GWF (#66).  Additionally, the Court

20   considers the fact that the motion to compel was limited to a singular issue, namely, the

21   disclosure of Plaintiff Minter's tax returns.  This is not a difficult issue requiring extensive case

22   law research and analysis in either the Motion to Compel (#30) or the Reply (#35) and resulted in

23   a short hearing lasting about thirty minutes (#39).  Additionally, as an experienced attorney, Mr.

24   Smith is familiar with the skill, time, and labor required to produce a motion to compel.  Finally,

25   the Court agrees that the hours should have been itemized in more detail to provide an adequate

26   basis for the reasonableness determination.  Considering the totality of the circumstances, the

27   Court finds that 5 hours is a reasonable amount of time to prepare the Motion to Compel, 2.5

28   hours is a reasonable amount of time to prepare the Reply, and 1 hour is a reasonable amount of

1    time to prepare and attend the hearing.  Therefore, the novelty and difficulty of the issue,

2    experience of the attorney, and documentation of the hours justify a reduction in hours to 9 hours

3    total.  Accordingly,

4           **IT IS HEREBY ORDERED** that Plaintiff Minter to pay Defendant Lennar the total sum

5    of $3,060.00.  Plaintiff Minter is further ordered to make full payment to Defendant by

6    **September 10, 2012**.

7           DATED this 6th day of August, 2012.

8

9

10                                                    _____
                                                      C.W. Hoffman, Jr.
11                                                    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28