UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BERTRAM EASLEY and TROY MINTER, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. HOME CORPORATION d/b/a LENNAR, LENNAR CORP., et al., <br><br> Defendants. | Case No. 2:11-cv-00357-MMD-CWH <br><br> ORDER <br><br> (Plfs.' Objection to Magistrate Judge's Order – dkt. no. 85; <br> Plf.'s Objection to Magistrate Judge's Order – dkt. no. 95) |

**I.   SUMMARY**

Before the Court are Plaintiffs Bertram Easley and Troy Minter's Objection to the Order of Magistrate Judge Denying Plaintiffs' Motion to Compel and Motion to Extend Discovery (dkt. no. 85), as well as Plaintiff Troy Minter's Objection to the August 7, 2012, Magistrate Judge Order Awarding Fees on Defendants' Motion to Compel Tax Returns (dkt. no. 95).  The Court has reviewed the Magistrate Judge's Orders, the Motions that resulted in these Orders and the related briefs.  For the reasons discussed below, the Court affirms the Magistrate Judge's Orders.

**II.   BACKGROUND**

Plaintiffs Bertram Easley and Troy Minter initiated the instant action on November 19, 2010, against Defendants U.S. Home Corporation, doing business as Lennar, Lennar Corporation, Lennar Sales Corp. and Greystone Nevada, LLC. Plaintiffs worked as New Home Consultants in Walnut Grove, Defendants' new home development office in North Las Vegas.  Plaintiffs allege that Defendants terminated their employment at Walnut Grove because of their race.  The parties' discovery disputes resulted in the Orders about which Plaintiffs now object.

On July 14, 2011, Plaintiffs served Requests to Produce, seeking certain documents relating to the earnings of employees who sold homes after Plaintiffs' termination. On August 17, 2011, Defendants objected, but provided the names and compensation agreements for employees transferred to Walnut Grove. On February 14, 2012, Defendants disclosed a two-page list of Walnut Grove homes sold after Plaintiffs' discharge.

On September 28, 2011, Plaintiff Easley issued his Second Set of Requests to Produce, asking for all managerial time records created during his employment. Defendants provided time off request forms on November 1, 2011, but objected to producing time records, stating they did not exist.

On October 18, 2011, Plaintiffs Minter and Easley submitted separate Requests to Produce, seeking the production of all text messages and emails related to events precipitating their termination and documents reflecting litigation hold efforts. Defendants timely objected to these requests on November 17, 2011, claiming they were not reasonably accessible because of undue burden or cost, but produced emails and a privilege log.

On January 6, 2012, Plaintiffs filed a motion to extend discovery, citing a number of reasons, including discovery deficiencies, change of defense counsel, personal issues, a busy work schedule, and interruption to counsel's deposition schedule from being summoned to jury duty. Plaintiffs then filed three motions to compel production of documents between January 10 and 12, 2012. On June 15, 2012, the Magistrate Judge denied these three motions to compel, as well as the motion to extend discovery. (Dkt. no. 83.) Plaintiffs object to the Magistrate Judge's rulings on these motions.

### III.   STANDARD OF REVIEW

Magistrate Judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted).  A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

### IV. PLAINTIFFS' OBJECTION REGARDING MOTION TO COMPEL AND MOTION TO EXTEND DISCOVERY DEADLINE (dkt. no. 85)

#### A. Motions to Compel

Plaintiffs object to the Magistrate Judge's rulings denying their three Motions to Compel.  The Court will address each objection in turn below.

##### 1. Plaintiffs' Motion to Compel Production of All Electronically Stored Information and to Disclose Preservation Efforts (or Lack Thereof)

Plaintiffs challenge the Magistrate Judge's finding that Defendants sufficiently complied with Plaintiffs' request for electronically stored information concerning events giving rise to Plaintiffs' terminations and litigation hold efforts.  In their objections, Defendants asserted that the texts and emails Plaintiffs sought were not reasonably accessible because of undue burden or cost.  The Magistrate Judge found that the emails produced by defendants were sufficient in light of Plaintiffs' failure to show that additional information existed or was within Defendants' control.  Plaintiffs argue that Defendants are in possession or control of electronically stored information not already produced, and the Magistrate Judge erred in accepting Defendant's assertion that they have produced all documents.

Defendants may have electronically stored information in their possession or control that they have not already produced, but Defendants have established that it is unduly burdensome or costly to produce the information.  In its opposition, Defendants

explain that Plaintiffs' requests were "vague, overbroad, and unduly burdensome" and that Defendants did not control text messages sought. (Dkt. No. 68 at 2-3.) These arguments provide adequate support for Defendant's objection that compliance with Plaintiffs' request would be unduly burdensome or costly.

Furthermore, as the moving party, Plaintiffs had the burden of proving in their Motion to Compel that Defendants possessed the purportedly nonexistent emails or controlled the unproduced texts. *Peralta v. Martel*, No. CIV S-09-3228, 2011 WL 5547153, at *1 (E.D. Cal. Nov. 14, 2011). Because the Court does not compel discovery of information a party represents as non-existent, and because the Plaintiffs failed to show that Defendants possessed or controlled the information sought, the Magistrate Judge made no clear error.

### 2. Plaintiffs' Motion to Compel Managerial Attendance Records

Plaintiffs further argue the Magistrate Judge committed clear error by finding that Defendants complied with producing attendance records when they provided time-off forms. Plaintiffs requested the production of documents showing when certain managers were "present on the job." The Magistrate Judge found that Defendants adequately complied with the request because the request did not specify the meaning of "present on the job" and because Defendants represented that they do not keep time records for management level employees. In light of Plaintiffs' failure to prove that additional records exist beyond those supplied by Defendants, the Magistrate Judge's finding of adequate compliance is not clearly erroneous.

### 3. Plaintiffs' Motion to Compel Comparator or Other Information to Allow Plaintiffs to Calculate Back Pay Damages

Plaintiffs also challenge as clearly erroneous the Magistrate Judge's finding that Defendants complied with the discovery requests for comparator information when Defendants provided the names and compensation agreements for the two employees transferred to Walnut Grove, as well as a list of homes and their prices sold after Plaintiffs' discharge. Additionally, Plaintiffs object to the finding that the request for

4

information about employees who "replaced" the Plaintiffs Bertram and Easley was too vague where Defendants did not "replace" Plaintiffs but instead transferred existing employees to Walnut Grove.

Plaintiffs requested documents showing the identity of the employees serving as replacements for Defendants after their terminations, and their "qualifications and experiences, and their earnings." (Dkt. no. 52.) Plaintiffs also requested interrogatories revealing the identities and earnings of these alleged replacements. Even assuming Plaintiffs' use of "replace" was definite, Defendants reasonably complied with Plaintiffs' discovery requests. Plaintiffs make no showing that they could not ascertain the identities and compensation details from Defendants' production. As such, the Magistrate Judge's finding is not clearly erroneous.

### B.  Plaintiffs' Motion to Extend Time

Plaintiffs contend the Magistrate Judge committed clear error by finding that Plaintiffs' perception of discovery inadequacies did not constitute good cause, and by failing to consider other circumstances warranting an extension cited by Plaintiffs in the motion. A motion to extend discovery must be supported by a showing of good cause for the extension. *Local Rule* 26-4; Fed. R. Civ. P. 6(b)(1). Good cause, according to Plaintiffs' motion, consisted of Defendants' allegedly inadequate responses to discovery requests, Ms. England's attending a week-long EEOC hearing in December 2011, Ms. England's being called to jury duty and attending a settlement conference for an unrelated case in January 2012, and the unexpected and rapidly failing health of family members in Ms. England's care between November and the first week of December.

Plaintiffs argue that discovery was delayed due to Ms. England's caring for her parents during the month of November and first week of December. This cannot constitute good cause where this Court has already extended discovery to January 30, 2012, on the basis of Ms. England's family obligations[1] and where Ms. England resolved

---

[1] Plaintiffs' Stipulation for Extension of Time, which extended the discovery cut-off to January 30, 2012, was based on Ms. England's absence in November and parts of December to care for her parents. (Dkt. no. 36.)

5

resolved her family care duties by December 15, 2011, at the latest.[2]  Because Plaintiffs failed to show that family obligations affected discovery from December 15, 2011, to January 30, 2012, the Magistrate Judge's failure to consider it as good cause was not clearly erroneous.

       Plaintiffs argue that Ms. England's busy schedule constitutes good cause warranting an extension.  They allege that preparation for an EEOC hearing scheduled for December 5-8, 2011, a federal settlement conference on January 31, 2012, and being summoned for jury duty in January 2012 impeded Ms. England's ability to take depositions. The Court previously extended discovery in August 2011 to accommodate Ms. England's caseload. (Dkt. no. 22.)  Recognizing the inability to meet her obligations, Ms. England represented that she would obtain the assistance of other counsel, in addition to Kristina Holoman, to assist with discovery activities in November 2011. (Dkt. no. 36.)  Plaintiffs made no showing suggesting that Ms. England's caseload or jury duty summons interfered with taking depositions from December 15, 2011 ─ when she resumed work on this case ─ to January 30, 2012.  Even if Plaintiffs made this showing, it is not evident that Ms. England's caseload should justify another extension where she has had a reasonable opportunity to make arrangements to reduce her occupational burdens.  Plaintiffs failed to show that Ms. England's busy schedule prevented her from taking depositions, thus the Magistrate Judge's finding that the proffered excuses do not constitute good cause was not clearly erroneous.

       Plaintiffs contend that perceived discovery inadequacies, compounded by the departure of one of Defendants' attorneys from the case, deprived Ms. England of the opportunity to take depositions before the discovery cut-off.   Plaintiffs made no showing that the delay necessarily prevented Ms. England from conducting depositions. To the contrary, Ms. England states that she consciously deferred scheduling depositions pending the outcome of her Motions to Compel.  It is not apparent from the record that a

---

[2] Ms. England's family impediments may have ended sooner, as she indicates that she attended an EEOC hearing on December 5-8, 2011.

delay in communications regarding the allegedly incomplete discoveries impaired her ability to schedule depositions. Because Plaintiffs failed to show that a change of defense counsel deprived Plaintiffs of the opportunity to, at the very least, schedule depositions before the discovery cut-off, the Magistrate Judge was not clearly erroneous in finding that good cause to extend discovery did not exist.

### V. PLAINTIFF'S OBJECTION REGARDING ORDER AWARDING FEES (dkt. no. 93)

Plaintiff Minter files this Objection challenging the Magistrate Judge's Order awarding $3,060 for fees associated with bringing the Motion to Compel discussed above. Minter argues, *inter alia*, that he was justified in withholding the sensitive information that was the subject of the production requests, and the fee is unjust in light of his annual income.

Minter first argues that his privacy rights in his tax returns warranted his failure to produce the documents, and asserts that production of this sensitive information would have yielded no relevant information in light of his sworn deposition and affidavit that revealed the material information concerning his finances. The Court disagrees. Although Minter's tax returns contain sensitive information, bringing this lawsuit brings into sharp focus his financial state in light of the case law that demonstrates its relevance in employment litigation. In addition, serious questions exist as to Minter's claim that the tax returns produced redundant information already provided in his interrogatory responses.

Minter also argues that the Magistrate Judge's award is unjust in light of his annual income, and in light of Defendants' unnecessary motion to compel. As explained by the Magistrate Judge in the December 1, 2011, hearing on the motion, the tax records were properly discoverable, and the stipulated protective order addressed Minter's privacy concerns. Accordingly, Minter was under an obligation to produce the returns. Although Minter's financial state as described in his Objection is unfortunate,

///

Minter's failure to produce the tax returns was not justified, and created unnecessary expense for Defendants.

Minter also challenges the Magistrate Judge's consistency by arguing that Defense counsel did not mention any attempt to confer with Minter concerning the Motion, which was expressly required per the Magistrate Judge's earlier order admonishing Plaintiffs for failing the same requirement. Based on the Court's review of the record, there is no indication that the Magistrate Judge ruled inconsistently with respect to the requirement that the parties meet and confer before bringing discovery disputes before the Court.

Accordingly, the Court finds that the Magistrate Judge's Order was justified in light of the circumstances, and not clearly erroneously under the applicable law.

**VI.   CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiffs' Objections (dkt. nos. 85 and 95) are OVERRULED. The Court AFFIRMS the Magistrate Judge's Order denying Plaintiffs' Motions to Compel, and Motion to Extend Discovery, as well as the Magistrate Judge's Order granting Defendants' fees.

DATED THIS 18th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE